People *ex rel.* Davin agt. Havemeyer.

## NEW YORK SUPERIOR COURT.

THE PEOPLE, etc., *ex rel.* EDWARD A. DAVIN agt. WILLIAM
F. HAVEMEYER *et al.*, composing the Board of Estimate
and Apportionment.

SAME agt. ANDREW H. GREEN and ABRAHAM K. EARLE.

*Mandamus — comptroller New York city — crier of court.*

The *relator* having been, prior to the year 1870, duly appointed *crier* of
the court of common pleas, New York, by that court, it became the
duty of the supervisors, under section 39 of the Code, to fix his salary,
which was done by a resolution of the supervisors of May 26, 1870, to
take effect January 1, 1870, at $2,500 per year, which resolution was duly
approved by the mayor.

Prior to the time when the resolution was passed, fixing the salary, the
relator had, for some time, drawn his pay as any ordinary officer of the
court at $1,200 per year.

It having been urged by the corporation counsel, as the sole ground of
objection to the mandamus, that the resolution of May 26, 1870, was
invalid, because by section 7 of chapter 875 of the Laws of 1869 the
supervisors were prohibited from increasing the salaries of those then in
office or their successors, except as provided by acts of the legislature,
and because the third section of chapter 382 of the Laws of 1870, passed
April 26, 1870, contains a similar prohibition:

*Held*, that the objection had no relevancy to this case. There was no
increase, because the salary had not previously been established.

*At Special Term.*

MOTIONS for writs of peremptory mandamus.

*Richard O'Gorman*, for the relator.

*E. Delafield Smith*, counsel to the corporation, opposed.

People *ex rel.* Davin agt. Havemeyer.

FREEDMAN, *J.*—Prior to the year 1870, the relator was appointed by the court of common pleas crier of said court, and ever since that time he has performed, and is still performing, the duties of that office. He is not an ordinary attendant on the court, but an officer whose appointment is specifically prescribed by statute. Section 39 of the Code provides that he shall receive a salary to be fixed by the supervisors and to be paid out of the county treasury. For a long time, however, his salary was not fixed, and during that time he received payment for his services under the designation of an officer of said court at the rate of $1,200 per annum, which was the compensation paid to the ordinary attendants on said court. In the early part of 1870, a question was raised as to said pay, and, to settle the matter, an application was made to the supervisors to fix his salary as such crier. The supervisors, by resolution of May 26, 1870, which was duly approved by the mayor, fixed the same at $2,500 a year, to take effect January 1, 1870. After such fixation the relator was designated in the pay-roll as crier, and for part of the time, since elapsed, he was paid as such at the rate thus fixed. There is not the slightest dispute as to these facts.

The learned counsel to the corporation has urged, however, as the *sole* ground of objection, that the resolution of May 26, 1870, is invalid, because by section 7 of chapter 875 of the Laws of 1869, the supervisors were prohibited from increasing the salaries of those then in office or their successors, except as provided by acts of the legislature, and because the third section of chapter 382 of the Laws of 1870, passed April 26, 1870, contains a similar prohibition.

This objection has no relevancy to the present case. There was no increase, because the salary had not previously been established. No augmentation can take place of a thing that is not in existence. The resolution fixed for the first time what a special statute had directed to be done. Section 2 of

chapter 10 of the Laws of 1855 is, therefore, equally inapplicable.

Having been lawfully appointed crier, having discharged the duties of the office, and having committed no act which could be construed into a waiver of his legal rights, but having, on the contrary, received under protest the moneys paid to him by the finance department since September 1st, 1871, the relator is justly and fairly entitled to the balance due him under said resolution.

Peremptory writs must issue as prayed for.